UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| DANIEL T. STORM, | ) | CASE NO. 4:06 CV2458 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| U.S. PAROLE COMMISSION, et al., | ) | |
| | ) | |
| Respondents. | ) | |

On October 11, 2006, pro se petitioner Daniel Storm ("a/k/a Daniel Slaughter") filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2241 against the United States Parole Commission (USPC), the United States of America, and Warden T.R. Sniezek at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"). Mr. Storm, who is incarcerated at FCI Elkton, claims that the USPC and Warden Sniezek are without jurisdiction to execute a detainer warrant issued by the USPC. Mr. Storm also filed a Motion for Recusal [Dkt. #3] without any basis in fact or law. The Motion for Recusal lacks merit and is denied. For the reasons stated below, the petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243.

*Factual and Procedural Background*

Mr. Storm was arrested on January 29, 1986, taken into custody and held without bail. A seven count indictment was subsequently issued in the United States District Court for the Northern District of Illinois.  In the indictment, Mr. Storm was charged with traveling in interstate commerce with intent to carry on an unlawful activity in violation of 18 U.S.C. §1952(a)(3); use of a communication facility to facilitate the commission of a violation of 21 U.S.C.§ 841(a)(1) in violation of 21 U.S.C. § 843(b) and conspiracy to do so in violation of 21 U.S.C. § 846.  Almost one year after his arrest, the federal court sentenced Mr. Storm on January 16, 1987 to two concurrent ten (10) year sentences on Counts 1 and 2; a concurrent term of five (5) years on Count 3; a consecutive term of four (4) years on Count 4; a five(5) year probationary term on Count 5; and a four (4) year concurrent term for Counts 6 and 7.  (Pet.'s Ex.  A,  United States v. Storm, No. 86-CR-57, J. & C. of 1/16/87.)

On January 24, 1989, Mr. Storm pleaded guilty in the United States District Court for the Eastern District of Wisconsin to dealing in firearms without a license and attempted income tax evasion.  It appears that the court sentenced him to two five (5) year consecutive terms on the two counts.  When the Bureau of Prisons (BOP) aggregated his 1986 and 1987 sentences he was awarded jail credit from January 29, 1986 until January 15, 1987.

A review of petitioner's Sentence Monitoring Computation Data as of 5-11-2001 reveals that a detainer warrant was issued by the Racine County Sheriff on January 24, 1997 charging Mr.  Storm " w/false swearing: two-year sentence + fines/costs." (Pet.'s Ex. C. at 1.) The warrant was executed on February 3, 1997 and petitioner was committed on April 14, 1997 with a new sentence of 3282 days.  It appears that although petitioner was scheduled for release on parole

on May 11, 2001, the detainer warrant issued on January 24, 1997 kept him in custody until October 7, 2002. On that date he was released with 1722 days still to be served on a term of 3282 days.

While free on parole, Mr. Storm was arrested June 21, 2003 and charged in the United States District Court for the Eastern District of Wisconsin with conspiracy to distribute marijuana in violation of 21 U.S.C. § 841(A)(1) and (B)(1), § 846 and 18 U.S.C. §2. See United States v. Slaughter, No. 03-cr-143 (ED Wis. 2003). A parole violator warrant was issued on July 23, 2003 against "Daniel Slaughter" for violating the terms of his parole on the 20 years to life Special Parole Term imposed by the court.[1] The court sentenced him on August 19, 2004 to 79 months in prison followed by 5 years probation for the §§ 841 and 846 violations. He received jail credit for the period between June 21, 2003 and August 18, 2004. His projected release date is March 14, 2009.

On September 23, 2005, a detainer was sent to the prison personnel at F.C.I. Elkton based on the parole violator warrant issued on July 23, 2003 for "Daniel Slaughter." The detainer warrant, signed by the U.S. Parole Commissioner and dated July 23, 2003, notes that Mr. Slaughter was released on parole from F.C.I. Florence on October 7, 2002. It states further that "reliable information has been presented to the undersigned . . . that said released prisoner named in this warrant has violated one or more conditions of his release." (Pet.'s Ex. F.) It is this detainer warrant that is at the heart of Mr. Storm's petition before the court.

Mr. Storm argues that he was never served with a copy of the Parole Commissioner's detainer warrant. Moreover, he contends that he is no longer in custody as a result of his 1986 or

---

[1]The court presumes that "Daniel Slaughter" was an alias used by petitioner inasmuch as registration number 92095-024 identifying Mr. Slaughter on the warrant is the same registration used for "Daniel Storm" on all of his Sentencing Monitoring Computation Data.

3

1987 convictions and that his "Full Term Expiration Dates" for those sentences have passed. From this he concludes that the Parole Commission and Warden Sniezek can no longer execute a parole violator warrant or take any further action regarding his 1986 or 1987 convictions.

*28 U.S.C. § 2241*

In order to maintain a habeas corpus action, the petitioner must be "in custody." 28 U.S.C. §2241(c)(3); Carafas v. LaVallee, 391 U.S. 234, 238 (1968). His custody must be the result of the respondent's action from which he seeks habeas corpus relief. Brown v. Wainwright, 447 F.2d 980 (5th Cir. 1971). However, the Supreme Court has given the custody requirement a liberal construction, and it is not necessary that the petitioner be in physical control of the respondent. It is enough that the imprisoning sovereign is the respondent's agent, See Braden v. 30th Judicial Court of Kentucky, 410 U.S. 484, 498-99 (1973); that his liberty is restrained by the respondent's parole conditions, Jones v. Cunningham, 371 U.S. 236 (1963); or that he can point to some continuing collateral disability which is the result of the respondent's action, Carafas v. LaVallee, 391 U.S. 234, 237-40(1968). A petitioner who is neither in the respondent's actual or constructive custody nor disabled by any collateral consequence of the respondent's action is not entitled to habeas corpus relief.

Based on the foregoing, a district court shall direct a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243; see Braden, 410 U.S. at 494-95 ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. Braden, 410 U.S. at 495. The Sixth Circuit has joined several other courts of appeals in holding that a

4

prisoner's proper custodian for purposes of habeas review is the warden of the facility where he is being held. See Roman v. Ashcroft, 340 F.3d 314, 319 (6th Cir. 2004)(as a general rule, a petitioner should name as a respondent to his habeas corpus petition the individual having day-to-day control over the facility in which petitioner is being detained). Therefore, the court will now address whether Mr. Storm's custody is the result of the respondent's action from which he seeks habeas corpus relief, or whether his is disabled by a collateral consequence of the respondent's action.

At the time he filed his petition, Mr. Storm was not in custody under any sentence based on his parole violation. Furthermore, he does not contend that there is a relationship between the sentence he is serving and the potential sentence under attack. Therefore, this court lacks jurisdiction to attack his potential parole violator sentence. 28 U.S.C. § 2241.

With regard to Mr. Storm's claim that the Parole Commission lacks jurisdiction because his 1986 and 1987 sentences have already been served, this argument also lacks merit. By all appearances, Mr. Storm had an unexpired parole term when he was arrested in June 2003. The USPC issued a warrant pursuant 18 U.S.C. § 4213 within one month of petitioner's arrest. The Parole Commission is authorized to issue parol violation warrants under § 4213, which provides that--

> (b) Any summons or warrant issued under this section shall be issued by the Commission as soon as practicable after discovery of the alleged violation, except when delay is deemed necessary. Imprisonment in an institution shall not be deemed grounds for delay of such issuance, except that, in the case of any parolee charged with a criminal offense, issuance of a summons or warrant may be suspended pending disposition of charge.

18 U.S.C. § 4213(b). Under section 4210 of Title18 U.S.C., as implemented by 28 C.F.R. section 2.44, the Sixth Circuit has construed the statute to provide that a parole violator's sentence is

5

suspended upon the issuance of a violator warrant and only begins to run again upon the execution of the warrant. Barrier v. Beaver, 712 F.2d 231, 236 (6th Cir. 1983).[2]

To the extent Mr. Storm raises a collateral claim that some constitutional right was violated because he failed to receive notice of the government's issuance of a detainer, his claim lacks merit. It is apparent that he was notified that a detainer was issued. Thus his argument focuses on the fact that notwithstanding his eventual notice, the notice was "too late" for the respondents to retain jurisdiction over him for a parole violation. Presuming that this concern is an attempt to raise a due process claim, the Supreme Court has made it abundantly clear that where a parolee is imprisoned for a crime committed while on parole, the parolee is not entitled to a prompt parole revocation hearing after a parole violator warrant is issued and lodged with the institution of his confinement. Moody v. Daggett, 429 U.S. 78, 89 (1976); see also Hopper v. United States Parole Commissioner, 702 F.2d 842, 848 (9th Cir. 1983)(petitioner not entitled to habeas relief where Commission's failure to hold probable cause hearing and early detainer had no effect on petitioner's pretrial rights in state court). Procedurally, the time for a parole revocation hearing is calculated from the date the federal warrant is executed. See United States v. Wickham, 618 F.2d 1307, 1309 (9th Cir. 1979). Moreover, a warrant is not considered "executed" where, as here, a parolee has been arrested on an independent intervening charge, and a detainer is placed at the institution with custody over petitioner. Cook v. United States Attorney General, 488 F.2d 667, 671 (5th Cir.), cert.

---

[2]The regulation provides that "[t]he issuance of a warrant . . . operates to bar the expiration of the parolee's sentence. Such warrant maintains the Commission's jurisdiction to retake the parolee either before or after the normal expiration date of the sentence and to reach a final decision as to revocation of parole and forfeiture of time pursuant to § 2.52(c)." 28 C.F.R. § 2.44(2007).

denied, 419 U.S. 846 (1974); see Wickham, 618 F.2d at 1309 n. 3. Finally, the warrant need not be executed until the intervening sentence has been served. Vladovic v. Parker, 455 F.2d 495, 496 (9th Cir. 1972); United States v. Bartholdi, 453 F.2d 1225 (9th Cir.1972).

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

S/Peter C. Economus - 2/1/07
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE